UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:21-cr-65 |
| | ) | |
| vs. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| KINGSLEY OGBEIDE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Defendant Kingsley Ogbeide, by and through his attorneys, Jeffrey L. Powell and Andrea D. Jaeger of Keegan, Tindal, & Jaeger, and for his Sentencing Memorandum addressing the factors to be considered in imposing Defendant's sentence under 18 U.S.C. § 3553(a), states as follows:

### A.  OBJECTIONS TO THE PSR AND GUIDELINES ISSUES

*USSG objections*

***Regarding paragraph 134, the government notes that they agreed in the plea agreement that neither an upward nor downward role adjustment applies. Regarding paragraph 134, the defendant joins the government's objection, noting that the government agreed that neither an upward nor downward role adjustment applies.***

1.      Defendant objects to the application of a three-level enhancement for acting as a manager or supervisor of criminal activity involving five or more participants pursuant to USSG § 3B1.1(b). Th enhancement does not apply.

2.       For the § 3B1.1(b) enhancement to apply, Defendant must serve as a manager or supervisor and the criminal activity must involve five or more participants or be otherwise extensive.  Here, the enhancement is improperly applied as evidence is lacking Defendant served in a managerial or supervisory role and the activity involved five or more participants or was otherwise extensive.  "[T]he defendant's supervisory or managerial status is not sufficiently

proved by indicating a mere buyer/seller relationship between the defendant and the alleged group or network participants." U.S. v. Mays, 902 F.2d 1501, 1503 (10th Cir. 1990) (citing U.S. v. Weidner, 703 F.Supp. 1350, 1354 (N.D. Ind. 1988), aff'd 885 F.2d 873 (7th Cir. 1989)); accord U.S. v. Amaya, 949 F. Supp. 2d 895, 904 fn 7 (N.D. Iowa 2013) (citing U.S. v. Egge, 223 F.3d 1128, 1133 (9th Cir. 2000), U.S. v. Belletiere, 971 F.2d 961, 970 (3d Cir. 1992)) (further stating acting merely as a buyer and/or seller of drugs, not controlling other participants, is insufficient to qualify for enhancement and citing with approval authority holding acting as middleman or steerer for drug transactions is insufficient for § 3B1.1 adjustment); see also U.S. v. Roberts, 14 F.3d 502, 524 (10th Cir. 1993) (citations omitted) (defendant's role as "steerer," person who directs buyers to sellers in circumstances in which sellers attempt to conceal themselves from casual observation, did not constitute leadership or supervisory role).

3.      Just as importantly, the government agrees, pursuant to the plea agreement, that no such adjustment applies.

***Two-point enhancement for obstructing justice pursuant to USSG § 3C1.1 and three-level reduction for acceptance of responsibility***

4.      Defendant persists in his objection to Paragraphs 135, 136, and 140, which apply a +2 enhancement for obstruction of justice. Furthermore, Defendant should receive a 3-level reduction for acceptance of responsibility.

5.      Section 3C1.1 provides

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by **2** levels.

USSG § 3C1.1.  Although obstructive conduct varies widely in "nature, degree of planning and seriousness," the Court should still undergo a determination as to whether the defendant's actions constitute a *willful* attempt to obstruct justice.  USSG § 3C1.1 app. note 3; *see also U.S. v. Collins*, 754 F.3d 626, 629 (8th Cir. 2014) (district court has broad discretion to apply enhancement to a wide range of conduct); *U.S. v. Wahlstrom*, 588 F.3d 538, 544 (8th Cir. 2009) (conduct can vary widely in nature, degree of planning, and seriousness).

4.      Here, Defendant's conduct, assuming *arguendo* the Government's version, does not constitute a willful attempt to obstruct justice warranting a two-level increase in Defendant's USSG.  Defendant's actions, even if viewed in the light most favorable to the Government, do not warrant the resulting increase in sentence.  Contrast with *U.S. v. Martin*, 369 F.3d 1046, 1061 (8th Cir. 2004) (describing the defendant's conduct as the "more serious case" and noting defendant planned to destroy evidence, recruited and instructed another to backdate checks).  Such is hardly technologically savvy, material, or sophisticated such it substantially hindered the Government's prosecution or investigation therein.  Defendant's conduct fails to warrant a resulting two-level increase or the substantial increase in sentence resulting.

5.      Should the Court determine the obstruction of justice enhancement is warranted, Defendant asserts this case presents the "extraordinary case" in which both obstruction and acceptance of responsibility can co-exist.  Rather than willful obstruction that resulted in actual impediment to the Government's case, the acts alleged simply occurred prior to Defendant's genuine expression of remorse, agreement to plead guilty, and agreements to avoid the use of further resources for trial.  While note the sole

consideration, it is worth noting Defendant subsequently reached a plea agreement with the

Government (wherein the parties agreed Defendant should receive a 3-level reduction for

acceptance of responsibility) and entered a plea of guilty within the Court's deadline to do

so.  As noted by application note 3 to USSG § 3E1.1:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct)…will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a).

USSG § 3E1.1 n. 3.  While application of an enhancement for obstruction of justice pursuant to §

3C1.1 may indicate acceptance of responsibility credit is not warranted, there is no *per se*

prohibition upon applying both sections.  Rather, as noted by application note 4 to § 3E1.1, both

the enhancement pursuant to § 3C1.1 and the reduction pursuant to § 3E1.1 may apply in

extraordinary cases.  This case presents such an extraordinary case.  *See, e.g.*, *U.S. v. Sorenson*,

233 F.Supp.3d 690, 695–96 (S.D. Iowa 2017) (noting additional circumstances and finding

obstruction and acceptance of responsibility should both apply); *see also generally U.S. v. Honken*,

184 F.3d 961, 968–69 (8th Cir. 1999) (totality of the circumstances determination).    Overall,

Defendant urges the *Honken* factors weigh in favor of application of both obstruction and

acceptance of responsibility.

***Two-point enhancement for sophisticated means pursuant to USSG § 2B1.1(b)(10)(C)***

6.      Defendant persists in his objection to Paragraphs 10, 131, 136, and 140 which

applies a +2 enhancement for sophisticated means. The enhancement does not apply.

7.      Application notes 9(B) provides:

> For purposes of subsection (b)(10)(C), "sophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense.  For example, in a telemarketing scheme, locating the

main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

8.      "An offense involved sophisticated means if, 'viewed on the whole,' the offense conduct is 'notably more intricate than that of the garden-variety offense.'" *U.S. v. Garbacz*, 33 F.4th 459, 474 (8th Cir. 2022) (citing *U.S. v. Belfrey*, 928 F.3d 746, 753 (8th Cir. 2019)). "Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme." *U.S. v. Meadows*, 866 F.3d 913, 917–18 (8th Cir. 2017). However, in such cases, the Circuit often outlines long-lasting schemes that, because of their nature, are still themselves sophisticated. In *Meadows*, for example, the enhancement was applied where the fraudulent scheme "lasted for around seven years," a large number of people were defrauded of a large amount of money, the defendant regularly lied to investors, the defendant used Ponzi payments, and the defendant improperly used tax and investment forms. *See id.* In *Mitchell*, the defendants obtained social security numbers, then fabricated employment information, created fake driver's licenses and credit cards, used the credit cards to buy gift cards, then used the gift cards to obtain several thousands of dollars' worth of merchandise. *U.S. v. Mitchell*, 914 F.3d 581, 586–87 (8th Cir. 2019). In *Garbacz*, the defendant stole cash donations from multiple church parishes, obtained and used tamper-proof bags similar to those used by those churches, forged handwriting, resealed cash inside substituted bags, and engraved purchased (but unaffordable) products to look like gifts. *Garbacz*, 33 F.4th at 474.

9.      To the extent that the overall scheme would be construed to involve sophisticated means, the role the Defendant played in it did not. The enhancement should not be applied to Defendant.

***Two-point enhancement for more than 10 victims pursuant to USSG §2B1.1(b)(2)(A)(i)***

10.     Defendant persists in his objection to Paragraphs 10, 131, 136, and 140 which applies a +2 enhancement for 10 or more victims.

11.     Defendant asserts that there were not more than 10 victims.

12.     Assuming *arguendo* that the crime involves 11 victims as stated in the PSR, the enhancement should not apply as the number exceeds 10 by merely one victim.  Application of the enhancement under these facts overstates the severity of the crime and the risk of recidivism. The existence of 11 victims versus 10 does not warrant the significant increase in penalty that the enhancement would impose. The Court should not apply the enhancement under these facts.

### B.  DEFENDANT'S CHARACTERISTICS AND "NEEDS" OF THE SENTENCE IMPOSED

13.     Defendant respectfully requests the Court vary downward and suggests lengthy incarceration is not necessary to promote respect for the law, to afford adequate deterrence, or to protect the public.  18 U.S.C. § 3553(a)(2)(A)–(C).  This is not a violent offense.  Defendant has a minimal criminal history. Defendant experienced a rough upbringing in Uganda. (PSR ¶ 149.) Defendant indicates that his passion is volunteering his time working with the elderly. (PSR ¶ 151.) Defendant's personal history reflects that he would most benefit from rehabilitation, which would additionally serve the added purpose of reducing the likelihood of recidivism.  Rehabilitation is possible and should be a primary goal in determining an appropriate disposition.  18 U.S.C. § 3553(a)(2)(B)–(C).  These considerations suggest lengthy incarceration fails to do justice in this case.

### C. CONCLUSION

WHEREFORE Defendant respectfully requests he be sentenced in accordance with the foregoing.

Respectfully submitted,


*/s/ Jeffrey L. Powell*_____
Jeffrey L. Powell AT0006332
Keegan, Tindal, & Jaeger, PLC
103 E. College Street Suite 312
Iowa City, IA 52240
Phone: 319-887-6900
jef@keeganlegal.com
ATTORNEY FOR DEFENDANT


*/s/ Andrea D. Jaeger*
Andrea D. Jaeger
Keegan, Tindal, and Jaeger
2322 E. Kimberly Rd., Ste. 140S
Davenport, IA 52807
Telephone: (319) 887-6900/563-355-6060
Facsimile: (319) 688-2754
Email: andrea@keeganlegal.com

**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

The undersigned certifies that the foregoing instrument was electronically filed on August 16, 2022, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to the above cause and to each of the attorneys of record herein at their respective addresses disclosed on the pleadings.


*/s/ Jeffrey L. Powell*