UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:21-cr-65 |
| | ) | |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| KINGSLEY OGBEIDE, | ) | |
| also known as, James Oreye | ) | |
| also known as, Emmanual Richson | ) | |
| also known as, "King", | ) | |
| | ) | |
| Defendant. | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for August 22, 2023, at 9:00 a.m.

**TABLE OF CONTENTS**

I.   **BACKGROUND** ................................................................................ 2

II.  **SENTENCING CALCULATION** ...................................................... 3

III. **ISSUES TO RESOLVED** .................................................................. 3
   a. **Role should not be assessed under 3B1.1(a)** ............................. 3
   b. **The two-point enhancement for obstruction under USSG 3C1.1 is appropriately applied** .................................................. 4
   c. **The two-point enhancement for sophisticated means under USSG 2B1.1(b)(10)(C) is appropriately applied in paragraph 131** ....................................................................... 6
   d. **The two point enhancement for more than 10 victims under 2B1.1(b)(2)(A)(i) is appropriately applied** .......... 7

IV.  **GOVERNMENT'S RECOMMENDATION** ........................................ 8

1

## I.     BACKGROUND

On January 11, 2022, a nine-count Second Superseding Indictment was filed charging Kingsley Ogbeide ("Defendant") with Conspiracy to Commit Wire Fraud from on or about June 2018 until on or about June 24, 2021 (Count One), in violation of 18 U.S.C. § 1349; and Conspiracy to Commit Money Laundering from on or about June 1, 2018 until on or about June 24, 2021 (Count Two), in violation of 18 U.S.C. § 1956(h). (Presentence Investigation Report, hereinafter "PSR," R. Doc 281, ¶ 5.) A Notice of Forfeiture was filed pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c).

On March 29, 2023, Defendant plead guilty to Count One of the nine-count Second Superseding Indictment. On April 14, 2023, the Court accepted the defendant's plea and adjudicated him guilty. (PSR ¶ 7.) The government agreed to dismiss Count One of the nine-count second superseding indictment at the time of sentencing. Defendant agreed to restitution in the amount of $265,151.46.

Both government and defense filed objections to the draft PSR. (R. Docs 256 and 260.) The following objections will need to be addressed by the Court: (1) whether role applies (paragraph 134) (2) whether the enhancement for obstruction and the resulting reduction for acceptance of responsibility applies (paragraphs 135, 136, and 140), (3) whether the fraud involved sophisticated means (paragraph 10, 131, 136, and 140), and (4) whether there were more than 10 victims involved (paragraphs 10, 131, 136, and 140).

## II.  SENTENCING CALCULATION

In the presentence report paragraphs 131-140, Defendant's guideline range was calculated as follows:

| | |
|---|---:|
| Base Offense Level [USSG §2S1.1(a)(1)] | 29 |
| Specific Offense Characteristics [USSG 2S1.1(b)(2)(B) - 1956] | +2 |
| Specific Offense Characteristics [USSG 3B1.1(a) - Role] | +4 |
| Specific Offense Characteristics [USSG 3C1.1 - Obstruction] | +2 |
| Acceptance of Responsibility [USSG § 3E1.1(a), (b)] | -3 |
| Total Offense Level | =34 |
| | |
| Criminal History Category (PSR ¶ 144): | II |
| | |
| Guideline Sentencing Range (PSR ¶ 193): | 168-210 months |

Based on the agreement by the government, the Defendant's guideline range should decrease by 4 based on the agreement to not assess Role, resulting in the following calculation:

| | |
|---|---:|
| Base Offense Level [USSG §2S1.1(a)(1)] | 29 |
| Specific Offense Characteristics [USSG 2S1.1(b)(2)(B) - 1956] | +2 |
| ~~Specific Offense Characteristics [USSG 3B1.1(a) - Role]~~ | ~~+4~~ |
| Specific Offense Characteristics [USSG 3C1.1 - Obstruction] | +2 |
| Acceptance of Responsibility [USSG § 3E1.1(a), (b)] | -3 |
| Total Offense Level | =30 |
| | |
| Criminal History Category (PSR ¶ 144): | II |
| | |
| Guideline Sentencing Range (PSR ¶ 193): | 108-135 months |

## III.  ISSUES TO RESOLVE

**A. Role should not be assessed under 3B1.1(a).**

Based on plea negotiations, the parties agreed to recommend to the court that neither an upward nor a downward adjustment should be applied for the role

3

enhancement under USSG 3B1.1 and 3B1.2. See Plea agreement p. 5, paragraph 11(d). The government maintains this agreement.

### B. The two-point enhancement for obstruction under USSG 3C1.1 is appropriately applied.

The PSR properly applies the obstruction enhancement in paragraph 135. The enhancement is based on the conduct described in paragraphs 118-122 and that is not contested by Defendant. Those paragraphs lay out the fact that Defendant contacted Katjivena after Katjaimo and Emmanuel Ogbeide had been arrested and told her to tell Katjaimo, her aunt, not to talk to the police about him. Defendant also told her not to mention his name to the police either. And then Defendant proceeded to tell her what to tell the police, that she met someone unknown online and got involved in the fraud. Further, after the arrest of Katjaimo and others, Defendant broke into Katjaimo's residence. Additionally, Defendant asked KR, a female federal inmate, while being transported to court, to assault Katjaimo and that he would pay her. KR told Katjaimo about her conversation, but did not assault Katjaimo.

Section 3C1.1 instructs a district court to increase the offense level by two levels if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1.

It is the government's burden to prove by a preponderance of the evidence that the enhancement pursuant to § 3C1.1 applies. *United States v. Bledsoe,* 445 F.3d 1069, 1072 (8th Cir. 2006). "[T]hreatening, intimidating, or otherwise unlawfully influencing a ... witness ... directly or indirectly, or attempting to do so" are examples of the types of conduct to which this enhancement applies. U.S.S.G. § 3C1.1 cmt. n.4(A). Here, the evidence contained within the PSR shows Defendant tampered with Katjaimo, a co-conspirator and witness in the investigation of the instant case. Defendant knew she was a witness in the investigation. *See United States v. Johnson,* 821 F.3d 1031, 1034 (8th Cir. 2016) (finding the district court did not clearly err in applying an obstruction of justice enhancement where defendant attempted to bribe witnesses).

An Eighth Circuit case directly on point is *United States v. Holland,* 884 F.2d 354, 358 (8th Cir. 1989). In *Holland* the court found the obstruction enhancement proper where the lower court "relied on the fact that [the] defendant *requested* a co-defendant not to mention the involvement of two individuals when making statements to law enforcement officials." *Holland,* 884 F.2d at 358 (emphasis supplied).

Based on the uncontested facts in the PSR, the enhancement is properly assessed.

"Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for [her] criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1 cmt. 4. The court should look to the totality of the circumstances to

determine whether a particular case is "extraordinary." *United States v. Adejumo*, 772 F.3d 513, 536 (8th Cir. 2014).

In this case, because Defendant is not contesting the facts that support the enhancement and is only making legal arguments, the government agrees that the three levels of acceptance should be applied as laid out in the PSR in paragraphs 138 and 139.

### C. The two-point enhancement for sophisticated means under USSG 2B1.1(b)(10)(C) is appropriately applied in paragraph 131.

The guidelines provide for a two-level enhancement when the offense "involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C). The Application Note defines "sophisticated means" as "especially complex or especially intricate conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1 cmt. n.9(B). "Sophisticated means need not be highly sophisticated, and the adjustment is proper when the offense conduct, viewed as a whole, was notably more intricate than that of the garden-variety offense." *United States v. Gaye*, 902 F.3d 780, 791 (8th Cir. 2018) (quotations omitted). "Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme." *United States v. Melton*, 870 F.3d 830, 843 (8th Cir. 2017). "Even if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme." *United States v. Fiorito,* 640 F.3d 338, 351 (8th Cir. 2011).

Application note 9(B) expressly provides that "hiding ... transactions ... through the use of fictitious entities [or] corporate shells ... ordinarily indicates sophisticated means." *United States v. Septon,* 557 F.3d 934, 937 (8th Cir. 2009).

This enhancement is based on paragraphs 19-21 of the PSR, which are unobjected to by Defendant. It is clear that the fraud was very sophisticated. Co-conspirators compromised multiple businesses who then were tricked into sending money to the fraudulent accounts that were set up by the co-defendants. Defendant directed others to open business licenses in fictitious entities solely for the purpose of obtaining fraud money. Once the money hit the accounts, Defendant communicated this information to his co-conspirators so that the money could be withdrawn or otherwise redirected. Defendant received a percentage of all the transactions. There were numerous bank accounts due to the amount of money going into them and the banks recognizing the fraud and closing down the accounts. This scheme was sophisticated, took place over many months, involved many individuals who were recruited by other co-defendants, and took coordination. This meets the definition of sophisticated means.

Based on the unobjected to relevant conduct, this enhancement was properly assessed.

D. **The two point enhancement for more than 10 victims under 2B1.1(b)(2)(A)(i) is appropriately applied.**

Under § 2B1.1.(b)(2)(A)(i), if an offense involves ten or more victims, the defendant's offense level is increased by two levels. A "victim" is "any person," including a corporation, company, association, or firm, "who sustained any part of the

actual loss." USSG § 2B1.1, comment. (n.1). For purposes of § 2B1.1.(b)(2)(A)(i), only a victim who suffered an *actual* loss is counted. *United States v. Miller,* 588 F.3d 560, 567 (8th Cir. 2009).

This enhancement is based on paragraph 126, which is unobjected to by Defendant. This paragraph lists all the victims and the loss amounts sustained. It is clear than no fewer than 15 people or entities suffered an actual loss as a result of Defendant's fraudulent acts, warranting a two-level enhancement under § 2B1.1.(b)(2)(A)(i). Further, the government will ask that the court issue an order of restitution for the amount laid out in Exhibit 1 (sealed).

### IV. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 30/Criminal History category II – 108 to 135 months. A sentence at the top end of the advisory guideline range is appropriate for this Defendant.

This case is a very aggravated case. Defendant is responsible for the loss of between $3,500,000 and $9,500,500 in this conspiracy. Defendant's involvement in this conspiracy was as a leader and is quite substantial. Defendant admitted to receiving five to ten percent of the funds in the conspiracy. Defendant and his co-conspirators designed and employed an elaborate business email compromise scheme, which defrauded multiple businesses out of money. Co-conspirators established a "spoof" email address in an effort to get businesses to change their payment information from the real vendor's bank account to one of the many conspiracy's bank accounts. In total, this conspiracy victimized more than 14 different businesses with an intended loss between $3.5 million and $9 million dollars. (PSR ¶ 126.) Not only did Defendant victimize the businesses they targeted, but they also victimized the businesses that the money was truly intended for. In essence, every transaction this conspiracy made defrauded at least two separate business entities. Further aggravating this, some of the funds diverted to this conspiracy were intended to be used to pay that company's payroll. This elaborate scheme effected more than just businesses, it also effected individual employees of these targeted businesses. Further, the government will ask that the court to award restitution to the noted victims. The restitution request document will be filed under seal as Exhibit 1.

9

Based on the aggravating factors in this case, a sentence at the top end of the guideline range is sufficient but not greater than necessary to meet all the sentencing goals.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this defendant.

    Respectfully submitted,

    Richard D. Westphal
    United States Attorney

By: */s/ Melisa Zaehringer*
    Melisa K. Zaehringer
    Assistant United States Attorney
    U.S. Courthouse
    131 E. Fourth Street, Suite 310
    Davenport, Iowa 52801
    Tel: (563) 449-5432
    Fax: (563) 449-5433
    Email: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Friday, August 18, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by: __X__ ECF/Electronic filing

UNITED STATES ATTORNEY

By: */s/ Melisa Zaehringer*
    Assistant U.S. Attorney